# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>PAUL REYNOLD ST. JAMES,<br><br>Debtor | Chapter 7<br>Case No. 15-13341-FJB |

## MEMORANDUM OF DECISION

**I.     Overview**

The matter before the Court is the "Objection of Donald R. Lassman, Chapter 7 Trustee, to Debtor's Claim of Exemption" (the "Objection") filed by Donald R. Lassman (the "Trustee"), the chapter 7 trustee in the bankruptcy case of the debtor, Paul Reynold St. James (the "Debtor").  The Trustee opposes the Debtor's claim of homestead exemption in real property located outside the Commonwealth of Massachusetts in which the Debtor did not actually reside at the time of filing.  While the notion that a Massachusetts statutory homestead exemption could apply extraterritorially to a domicile outside Massachusetts seems counterintuitive, for the reasons set forth below, the Trustee's Objection is overruled to the extent it relies on the argument regarding extraterritoriality.  Whether the exemption applies on the facts of this case, however, is a different story and there will be further process to determine that issue of fact.

**II.    Background and Procedural History**

Except where indicated, the facts are not in dispute.  On August 26, 2015, the Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code, commencing the present bankruptcy case.  In his bankruptcy petition, the Debtor identified his address as 30 Hobart Lane, Rockland, Massachusetts.  Before living at that address, the Debtor resided at 10 Burns Avenue, Quincy, Massachusetts.  The

1

parties do not dispute that at all relevant times prepetition, the Debtor's principal residence was in the Commonwealth of Massachusetts.

On September 23, 2015, the Debtor filed the requisite financial disclosures, including his Schedules and Statement of Financial Affairs ("SOFA"). Schedule A lists the Debtor's ownership of a residential condominium unit located at 202 47th Avenue Drive West, No. 329, Bradenton, Florida (the "Florida Condo"). Schedule A lists the value of the Debtor's interest in the Florida Condo as $37,500. By Schedule C, the Debtor opted to elect the Massachusetts state exemption scheme pursuant to 11 U.S.C. § 522(b)(3). He claimed the full $37,500 value of his interest in the Florida Condo as exempt under MASS. GEN. LAWS ch. 188, § 4 stating: "[T]he [D]ebtor intends to occupy this home (the Florida Condo) as his principal residence. The [D]ebtor currently resides in a temporary residence. The [D]ebtor has no other real estate nor any recorded declaration of homestead." Thus, by this election, the Debtor asserted that he was entitled to the "automatic" homestead exemption available under the Massachusetts homestead exemption statute. MASS. GEN. LAWS ch. 188, § 4 (permitting an exemption of $125,000 to individuals that had not exercised their right to declare and properly record a written exemption of $500,000). The Debtor also stated that he intended to retire to the Florida Condo at the conclusion of his bankruptcy case. At his § 341 meeting, the Debtor testified that he resided at the Florida Condo in the Summer of 2015 (*i.e.*, the months just before his filing on August 26, 2015) in order to ascertain if he could "survive" the heat of Florida in those months. He also testified that he has maintained the habitability of the property, paid condominium fees, and did not renew his lease or obtain any other leasehold in Massachusetts. In his supplemental brief, the Debtor stated that, postpetition, he has lived in the Florida Condo as his primary and sole residence since November 2015.

Subsequent to the Debtor filing his schedules, the Trustee timely filed the Objection. The Court held a hearing on the Objection, the parties filed supplemental briefs, and the Court took the matter under advisement.[1]

### III. Positions of the Parties

#### A. The Trustee

The Trustee argues that the Debtor is not able to claim a homestead exemption on the Florida Condo under § 522(b)(3) of the Bankruptcy Code and Mass. Gen. Laws ch. 188, § 4. First, he asserts that Mass. Gen. Laws ch. 188, § 4 does not apply, and can never be applied, extraterritorially, and therefore, cannot be used to exempt property outside of Massachusetts. The Trustee argues that this interpretation of the statute is self-evident based on both the plain language of the statute and the lack of case law in Massachusetts interpreting the statute so as to allow its application extraterritorially. Moreover, the Trustee states that Mass. Gen. Laws ch. 188, § 5, the section governing the exemption of a declared homestead, provides relevant guidance in interpreting Mass. Gen. Laws ch. 188, § 4. He says that because Mass. Gen. Laws ch. 188, § 5 requires a homestead to be filed in the county or district Registry of Deeds in which the residence is located, Mass. Gen. Laws ch. 188, § 4 must also require that the residence be located in Massachusetts. In essence, this argument is that because a "declared" homestead exemption cannot be effectuated outside of the Commonwealth, no aspect of the exemption statute should be permitted to be applied to property outside of the Commonwealth. Furthermore, the Trustee argues that Florida's homestead exemption under Fla. Stat. ch. 222.01 provides the only protection available to the Debtor. Next, the Trustee challenges the Debtor's factual assertion that he intended to occupy the Florida Condo as his principal residence as required by Mass.

---

[1] On March 3, 2016, the Court granted the Debtor a discharge under 11 U.S.C. § 727 of the Bankruptcy Code.

3

Gen. Laws ch. 188, § 4. Finally, the Trustee asserts that allowing the proposed exemption would be highly prejudicial to the creditors of the bankruptcy estate.

### B. The Debtor

In response to the Trustee's Objection, the Debtor argues that he is able to claim a homestead exemption on the Florida Condo under § 522(b)(3) and Mass. Gen. Laws ch. 188, § 4. In support, the Debtor asserts that the automatic homestead exemption under Mass. Gen. Laws ch. 188, § 4 may be carried with the Debtor to property outside of the Commonwealth. Citing to state and federal court decisions in other jurisdictions, the Debtor alleges that the plain language of the statute, construed (as it must be) liberally in favor of the Debtor, does not require that the residence be in Massachusetts. The Debtor presents as persuasive authority several cases where courts have interpreted similar homestead statutes and found that an exemption may be applied extraterritorially. Furthermore, the Debtor argues that he is able to establish the requisite level of intent to occupy the Florida Condo as his principal residence under Mass. Gen. Laws ch. 188, § 4, as he maintained the habitability of the Florida Condo with the intent to retire there, resided there in the Summer of 2015, paid the condominium fees, and did not renew his lease or make any other living arrangements beyond the expiration of his residential leasehold in Massachusetts. The Debtor also asserts that, as of November 2015, which is postpetition, the Florida Condo has become his principal residence. Finally, the Debtor asserts that it is contrary to public policy not to extend Mass. Gen. Laws ch. 188, § 4 extraterritorially. Namely, the Debtor argues that not allowing the homestead exemption on the Florida Condo would hinder his fresh start and leave him homeless in his retirement.

### IV. Discussion

The starting point of any analysis of the application of exemptions from property of the estate in bankruptcy is a determination of which roster of exemptions applies. The court must determine whether state or federal exemptions apply in the particular case, and if a state exemption statute

4

applies, the court must determine *which* state exemption statute applies.  Under § 522 of the Bankruptcy Code, a debtor may choose to exempt property under federal bankruptcy law or applicable state law. *See Pasquina v. Cunningham* (*In re Cunningham*), 513 F.3d 318, 323 (1st Cir. 2008) (internal citation omitted).  Congress, however, left to each state the option of limiting a debtor's election of exemptions to those permitted by state law, and most states have in fact imposed such a limitation.  *Graziadei v. Graziadei* (*In re: Graziadei*), 32 F.3d 1408, 1410 n. 3 (9th Cir. 1994).  Massachusetts allows a debtor to choose the exemptions offered under either state or federal law.  The Debtor in the instant case elected the state exemption scheme pursuant to 11 U.S.C. § 522(b)(3)(A).

In circumstances where a debtor moves his or her domicile from one state to another, a question may arise as to which state's exemptions apply to that debtor.  In 2005, Congress instituted new rules intended to stop debtors from "forum shopping" by moving to or acquiring property in a state with generous exemption schemes just before filing.  Section 522(b)(3)(A), which is within the section of the Bankruptcy Code entitled "Exemptions," states in relevant part as follows: "Property listed in this paragraph is - . . . any property that is exempt under Federal law, other than [the federal bankruptcy exemptions]. . . . , or State or local law that is applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located in a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place[.]"  11 U.S.C. § 522(b)(3)(A).  In the instant case, the parties agree that the Debtor's domicile has been located in Massachusetts for the relevant prepetition time periods.  Thus, the Debtor is required to apply the Massachusetts exemptions if he selects the state exemptions, as he has done here.  By this choice, to the extent he is eligible under Massachusetts law, the Debtor is entitled to assert the Massachusetts homestead exemption scheme, which allows him to use either the automatic exemption of $125,000 or,

5

if applicable, the "declared" homestead exemption of $500,000. The Debtor did not, nor could he have, *declared* a homestead under Massachusetts law on his Florida Condo, and he owned no real estate in Massachusetts at the time of filing. He therefore asserts that he is entitled to apply the automatic homestead exemption of $125,000 to the Florida Condo under MASS. GEN. LAWS ch. 188, § 4 through operation of 11 U.S.C. § 522(b)(3)(A). The potential problem, as identified by the Trustee, is that the Florida Condo is not located in the Commonwealth of Massachusetts.

In pertinent part, Massachusetts' automatic homestead exemption provides that "in the absence of a valid declaration of homestead . . . an estate of homestead to the extent of the automatic homestead exemption shall exist in a home for the benefit of the owner and the owner's family who occupy or intend to occupy the home as a principal residence." MASS. GEN. LAWS ch. 188, § 4. Therefore, an individual who occupies or intends to occupy a home as a principal residence automatically protects up to $125,000 in equity in the residence from his or her creditors. *Id.* at § 1. Most important to this case, the statute is silent as to its extraterritorial reach. *Id.* at § 4.

When a homestead exemption statute is silent as to its extraterritorial reach, courts are divided on the issue of whether the debtor may apply the forum state's homestead exemption to a debtor's residence located in another state. *In re Capps*, 438 B.R. 668, 671 (Bankr. D. Idaho 2010) (citing *Drenttel v. Jensen-Carter* (*In re Drenttel*), 403 F.3d 611, 613 (8th Cir. 2005) (recognizing the split and citing cases finding, and cases denying, extraterritorial effect where a state homestead exemption statute is silent)). Several courts have held that a homestead exemption that is "silent" as to extraterritoriality does not apply to out-of-state property. *See* e.*g.*, *In re Harris*, No. 09–03792, 2010 WL 2595294, at *5 (Bankr. D. Idaho 2010) (holding that the debtors could not exempt a Washington state residence under an Idaho homestead exemption statute); *In re Wieber*, 347 P.3d 41, 46 (Wash. 2015) (finding that a Washington state homestead exemption statute did not apply extraterritorially to the debtor's residence in Alaska;). Other courts, including at least two circuit courts, have found that the forum state's homestead

6

exemptions do apply to residences located in other states. *See* e.*g.*, *Drenttel*, 403 F.3d at 614–15 (Minnesota homestead exemption statute could be applied to a residence in Arizona); *Arrol v. Broach* (*In re Arrol*), 170 F.3d 934, 937 (9th Cir. 1999) (California's homestead exemption statute may be applied to a residence in Michigan); *In re Jevne*, 387 B.R. 301, 305 (Bankr. S.D. Fla. 2008) (holding that Rhode Island homestead statute, which is silent as to its extraterritorial effect, applied extraterritorially to debtor's Florida residence); *In re Stratton*, 269 B.R. 716, 719 (Bankr. D. Or. 2001) (Oregon's homestead exemption statute may be applied to a residence located in California).

The division of the courts on the issue of extraterritorial application of homestead statutes was addressed comprehensively in *Fernandez v. Miller (In re: Fernandez)*, 2011 WL 3423373 (Aug. 5, 2011 W.D. Tex.). In her opinion, addressing facts similar to those presented here, Judge Cardone noted that § 522(b)(3)(A) is plain and unequivocal as to which state's statutory exemptions apply: the state in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition, or if the debtor's domicile has not been located in a single State for such 730–day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730–day period. *Id.* at *6. However, Judge Cardone went on to explain that § 522(b)(3)(A) is ambiguous as to *how* a state exemption scheme should apply when a debtor seeks to apply a state homestead exemption to property located in another state. *Id.* at *6. Judge Cardone explained in significant detail that courts have addressed extraterritorial application of homestead exemptions in the bankruptcy context in three ways: first, at least one court has found that homestead exemptions can never be applied extraterritorially; second, a majority of courts have determined that it is possible in the bankruptcy context to apply a homestead exemption to out-of-state property if the state whose exemption is sought to be applied does not prohibit it; and third, some courts, a minority, have found that federal bankruptcy law preempts state law that would otherwise prohibit the application of its homestead law to out-of-state property. *Id.* at *7-22. For the reasons stated by Judge Cardone, I agree

7

that the second approach, what she termed "the state-specific approach", is most compatible with the requirements of the Bankruptcy Code.

Applying this state-specific approach, many courts have determined that a state's homestead statute cannot be applied extraterritorially. Those courts looked carefully at the particular homestead exemptions at issue and determined that the statutes in question were self-limited and did not permit their application to out-of-state property. *See, e.g.*, *In re Adams*, 375 B.R. 532, 534-35 (Bankr. W.D.Mo. 2007); *In re Jewell*, 347 B.R. 120, 122-23 (Bankr. W.D.N.Y. 2006); *In re: Carter*, 213 B.R. 26, 32 n.1 (Bankr. N.D. Ala. 1997). But, still, those courts analyzed underlying state law to determine whether a state's homestead law had extraterritorial application. As noted in the leading treatise on bankruptcy law in the United States, when a debtor is required by Section 522(b) to apply the homestead exemption law of his or her former state, courts "must give effect to those exemptions allowed by the law of the state," and that "it makes no difference where the property is situated or where the petition is filed, so long as the property is exempt in the law of the domiciliary state." 4 Collier on Bankruptcy ¶ 522.06 (16th ed. rev. 2007).

The Massachusetts homestead statute is silent on the question of its own extraterritoriality. In determining whether to apply a "silent" homestead exemption extraterritorially, the Bankruptcy Appellate Panel for the Tenth Circuit has provided relevant guidance. In pertinent part, that Panel put it this way:

> If the plain language of a state's homestead statute is silent as to its extraterritorial effect, the Court must then look to that state's case law to see if the appellate courts of that state have interpreted their homestead statute to apply to property located outside of the state. If no state case law exists on whether the exemption has extraterritorial application, the bankruptcy court must then interpret the state's homestead law according to its general principles governing exemptions, and more specifically homestead exemptions, in that state. Given the fact that most, if not all, state courts generally require homestead exemptions to be liberally construed in favor of debtors, it is very likely that a state's homestead exemption will be given extraterritorial effect absent a limitation placed on the exemption by either the statute itself, or a case interpreting that statute.

8

*Stephen v. Holbrook* (*In re Stephens*), 402 B.R. 1, 6–7 (B.A.P. 10th Cir. 2009).

As mentioned above, the plain language of the Massachusetts automatic homestead exemption is silent as to its extraterritorial effect. Further, Massachusetts courts have not addressed the issue of whether the automatic homestead exemption under MASS. GEN. LAWS ch. 188, § 4 applies to property located outside of the Commonwealth. *In re Feliciano*, 487 B.R. 47, 53 n.1 (Bankr. D. Mass. 2013). Accordingly, to determine whether to apply the Massachusetts automatic homestead exemption to the Florida Condo, the Court must look at the general Massachusetts case law surrounding the automatic homestead exemption and predict how the Massachusetts Supreme Judicial Court would interpret the statute. *Garran v. SMS Fin. V, LLC* (*In re Garran*), 338 F.3d 1, 6 (1st Cir. 2003).

The Massachusetts Supreme Judicial Court has stated that homestead laws, including the Massachusetts homestead statute, "are designed to benefit the homestead declarant and his or her family by protecting the family residence from the claims of creditors" and "tend to prevent debtors and their families from becoming public charges." *Shamban v. Masidlover*, 429 Mass. 50, 53 (1999). "Homestead laws are based on a public policy which recognizes the value of securing to householders a home for the family regardless of the householder's financial condition." *Dwyer v. Cempellin*, 424 Mass. 26, 29 (1996). Therefore, the Massachusetts Supreme Judicial Court has held that homestead statutes should be liberally construed in favor of the debtor. *Id.* at 29-30. A liberal construction of the homestead statute, however, does not grant a court leave to expand the protection of the statute in contravention of the plain and unambiguous language established by the Legislature. *Garran*, 338 F.3d at 6 (citing *Shamban*, 429 Mass. at 54). Yet where a statute is subject to multiple interpretations, Massachusetts law favors the debtor. *See In re Edwards*, 281 B.R. 439, 446 (Bankr. D. Mass. 2002) (relying on *Dwyer*, 242 Mass. at 29).

Because the Massachusetts automatic homestead exemption is silent as to whether it applies extraterritorially, I construe it in favor of the Debtor as mandated by the Massachusetts Supreme

9

Judicial Court. The Debtor's personal circumstances are emblematic of the public policy that homestead laws tend to prevent debtors from becoming public charges. The Debtor is currently retired. According to his Schedule I, his sole income, $1,005 per month, comes from Social Security. Other than the Florida Condo, the Debtor owns virtually no assets. He used his retirement savings to purchase the Florida Condo. Moreover, the Florida Condo appears to be the Debtor's current principal residence. Denying the Debtor an exemption in the Florida Condo, thereby allowing the Trustee to distribute the property to the creditors of his estate, would likely require the extension of government assistance to the Debtor, and make him a "public charge." With minimal assets, he is likely unable to purchase another property. His financial situation also increases the probability that he would be unable to afford to rent a home or apartment in either Massachusetts or Florida. Allowing the Debtor to claim the Massachusetts automatic homestead exemption in the Florida Condo is necessary to provide the Debtor with a fresh start. Because the Massachusetts homestead statute is silent as to the extraterritorial application of MASS. GEN. LAWS ch. 188, § 4 and because the statute is to be construed liberally in favor of debtors in light of public policy and the purposes of the statute, I find that that Massachusetts Supreme Judicial Court would hold that the Massachusetts automatic homestead exemption may be applied to a principal residence not located in Massachusetts.[2]

This does not end the matter. While the Massachusetts automatic homestead exemption may be applied extraterritorially, a debtor must still "occupy or intend to occupy the home as a principle residence." MASS. GEN. LAWS ch. 188, § 4. The Debtor claims that he is entitled to the automatic

---

[2] This opinion applies only to homestead exemptions arising automatically under MASS. GEN. LAWS ch. 188, § 4. The Trustee argues, and I agree, that a debtor cannot "declare" a homestead exemption under MASS. GEN. LAWS ch. 188, § 5 on extraterritorial real estate. Section 1 of Chapter 188 requires that a "declared homestead exemption" be recorded, which is defined as "the act of recording in the registry of deeds or the registry district of the land court for the county or district wherein the home lies . . .." MASS. GEN. LAWS ch. 188, § 1. A declaration cannot be recorded in the registry of deeds or registry district of a Massachusetts land court when the home "lies" in another state. But this does not mean that the automatic homestead exemption under section 4 cannot travel with the debtor to homes maintained out of state. Indeed, the Legislature had good reason to protect citizens of the Commonwealth with respect to their undeclared, out of state homesteads as a way of promoting their fresh start. In this case, recognition of such an exemption protects the Debtor's retirement.

homestead exemption with respect to the Florida Condo not because he actually lived there on the petition date, indeed he admits he did not. Rather, he alleges that he "intended" to reside at the Florida Condo after his retirement, which was quickly approaching. The Trustee plausibly challenges this assertion. Therefore, the question of whether the Debtor may apply the automatic exemption is one of fact, and I must convene an evidentiary hearing to determine his intention.

**V.    Conclusion**

For the reasons set forth above, the Court will enter a separate order overruling the Trustee's Objection to the extent it relies on the argument that the Massachusetts automatic homestead exemption under MASS. GEN. LAWS ch. 188, § 4 may not apply to property located outside Massachusetts. The Court will schedule an evidentiary hearing on whether the Debtor meets the "intent" requirement of MASS. GEN. LAWS ch. 188, § 4.

Date:  October 21, 2016                                      _____/s/ Frank J. Bailey_____
                                                                          Frank J. Bailey
                                                                          United States Bankruptcy Judge

11